Judge Wood
delivered the opinion of the court:
The question which these pleadings submit for decision is, whether the matter set up in the replication is a sufficient answer to the special plea? Or, in other words, can the guardian sustain an action to recover for advances made to his ward, on a balance found due to him, on a settlement with the court, while the relation of guardian and ward subsists ? We hold the negative of this proposition.
It is the duty of the .guardian to prosecute for and defend his ward. He can not, in our opinion, for himself sustain an action against his ward, while the relation of guardian and ward subsists between them. The guardian stands to the ward in loco parentis. In 2 P. Williams, 119, it is said a testamentary or other guardian can not be sued by the ward, in an action of account, until *401 the guardianship determines; for the rule of the common law is, that the action does not lie while the guardianship continues. *If the action of account would not lie, because of the relationship, why, reasoning from analogy, should the action of' assumpsit be maintained? And if not, by the ward against the guardian, when the ward is favored by, and regarded as under the peculiar protection of the law, why should the action be sustained for the guardian against the ward? As the guardian is bound to sue for and defend the ward, a suit against the ward would be substantially a suit by the guardian against himself. This would be an absurdity which, we are of opinion, ought not to be recognized. In this view of the facts of the case, no right of action against the ward arose during her life time, and as she has not been six years dead, and died in wardship, we hold that the replication is good.
The defendant’s counsel has assumed that the question .of the validity of the plea and replication could not properly arise on the demurrer, because, by it, the case was thrown upon the validity of the first count in the declaration, which, it is alleged, contains no allegation of an assumpsit. As we read it, it does contain such an allegation. The averment is, that the defendant was liable to pay, and “ being so liable, undertook and promised, etc.”
The action is properly assumpsit, as the counsel on both sides admit.
The demurrer is overruled, and the cause remanded for further proceedings.